# IN THE COURT OF APPEALS OF IOWA

No. 16-0466
Filed April 27, 2016

**IN THE INTEREST OF E.C., B.C., AND B.B.,**
**Minor Children,**

**B.B., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Audubon County, Susan Christensen, Judge.

A mother appeals the termination of her parental rights to her three children. **AFFIRMED.**

Maura C. Goaley, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

James M. Tinker of Madsen, Groteluschen & Tinker, Audubon, for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother appeals the termination of her parental rights to her three children. She asserts the court improperly concluded that (1) reasonable efforts were made to reunite her with the children, (2) the State established grounds to terminate her rights pursuant to Iowa Code section 232.116(1)(d) and (f) (2015), and (3) it is in the children's best interests that her rights are terminated. We agree with the district court that reasonable efforts were provided to the mother and, because of the mother's inability to protect her children, termination is appropriate under paragraph (f); furthermore, termination is in the children's best interests. Therefore, we affirm the order of the district court.

E.C., born in 2001; B.C., born in 2002; and B.B., born in 2004, came to the attention of the Iowa Department of Human Services (DHS) after a child protective assessment revealed sexual abuse of one of the children and physical abuse of all of the children. The perpetrator was the father of B.B. The report was also founded as to the mother for physical abuse by omission—that is, failure to protect her children while knowing of the ongoing abuse. The children were described as being "emotionally distraught." On August 13, 2014, the children were removed from the mother's care and placed with their maternal aunt and her husband, where they remained at the time of the termination hearing.

After more than one year of services, the State filed a petition to terminate the mother's parental rights, and a hearing was held on January 13, 2016. By

written ruling, the district court ordered the mother's rights be terminated on February 29. The mother appeals.[1]

## I. Standard of Review.

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). Weight is given to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by those findings. *Id.* Our primary consideration is the best interests of the children. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). The grounds for termination must be proved by clear and convincing evidence. *Id.* at 774. When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the sections cited by the juvenile court to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

## II. Reasonable Efforts.

The mother argues the DHS did not make reasonable efforts to reunify her with her children; specifically, she claims they failed to offer her maximum contact with the children. After removal, the State must make reasonable efforts to reunify the family as quickly as possible. Iowa Code § 232.102(7). In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." *Id.* § 232.102(10)(a)(1). After the children were adjudicated in need of assistance, the mother was offered many services with the goal of being able to reunite with her children. Those services included: relative

---

[1] The parental rights of the father of E.C. and B.C. and the father of B.B. were also terminated, but neither appeals from that ruling.

care; Family Safety, Risk, and Permanency services; mental health evaluation and treatment; parenting assessment; and case management services. A safety plan was also put into place so that the mother could have supervised contact with the children. However, sometime between October 2014 and January 2015, the mother decided to move three hours away from the children's placement. She admitted this was an additional barrier she created, impacting her ability to have more frequent visits. On our review of the record of the services provided, we agree with the district court the State offered reasonable services "to help reduce or eliminate the adjudicatory harms present in the home."

## III. Grounds for Termination.

Under Iowa Code section 232.116(1)(f), the court may terminate the rights of a parent to a child if the State proved all of the following by clear and convincing evidence:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f).

The mother asserts subparagraph (4) of this ground was not proved, as she is capable of having the children returned to her care. She testified she had complied with services offered, obtained housing and a job, and distanced herself from the perpetrator of the abuse. However, the mother had long since

lost the trust of her children by sharing the children's complaints with the very person who abused them, causing the perpetrator to increase the severity and frequency of the abuse. The evidence revealed the mother's role in failing to protect the children from such abuse, which left the children with a host of mental and physical problems. As the district court noted:

> [The mother] could not be reunited with the children because the children's significant mental health needs and prior traumatic experiences were never genuinely or adequately addressed by [the mother]. . . . The court finds [the mother's] history of denial regarding the children's physical and sexual abuse along with her lack of parenting skills to an ongoing problem has not been resolved, even with reasonable efforts, over the life of this case.

Although the mother's therapist testified that the children would be safe in the mother's care, the therapist had never interviewed the children. The children's therapist saw the situation quite differently. She testified extensively as to the condition of the children when she first began to work with them in the summer of 2014 and how each child improved as they began to feel safe, away from the mother. The therapist observed each child's progress from an extremely traumatized condition to displaying positive, healthy behavior. She recommended the children remain in the safe environment the aunt and uncle provided and not be returned to the mother. In determining the future actions of the parent, her past conduct is instructive. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). The mother's failure to fully appreciate the harm her children have suffered and the children's extreme reluctance to leave their safe environment to be returned to their mother, confirm the district court's conclusion the children cannot be returned to her care at the present time. *See* Iowa Code § 232.116(1)(f)(4).

**IV. Best Interests.**

Finally, the mother asserts the State did not prove by clear and convincing evidence termination of her parental rights was in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010) (requiring the court to apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the children). In making a best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). Insight into what the future likely holds for a child if returned to a parent is gained from evidence of the parent's past performance; it may be indicative of the quality of future care the parent is capable of providing. *See A.B.*, 815 N.W.2d at 778; *J.E.*, 723 N.W.2d at 798.

The record reveals the children have suffered greatly because of the extreme indifference the mother displayed when she was aware of the horrendous physical and sexual abuse to which her children were subjected. Although the mother's therapist opined the mother was no longer a threat to the children, the district court noted the mother's therapist "has not had an opportunity to assess what would be in the *children's* best interests. Understandably, her position is based upon the best interest of her client, [the mother]." We agree with the district court; safety and stability are essential for the children, and therefore, termination is in their best interests. *See J.E.*, 723 N.W.2d at 802 (Cady, J., concurring specially).

We conclude the grounds for termination were proved by clear and convincing evidence and it is in the children's best interests that the mother's rights be terminated.  Consequently, we affirm the order of the district court.

**AFFIRMED.**